et al. Oral argument not to exceed 15 minutes per side. Todd Dawson for the appellant. Thank you, Your Honors. I've reserved five minutes for rebuttal. May it please the Court. It's not my intention to repeat the briefing, but just in sort of a summary opening remarks, Kelsey Hayes made some changes in retiree health care benefits. Plaintiffs who were retirees from a Detroit plant that's now closed sued, claiming that these violated a collective bargaining agreement and a plant closing agreement that applied to the plant. Kelsey Hayes moved to compel arbitration of these claims, and the District Court held that employees who retired after the plant closing agreement could be compelled to arbitrate and in fact were compelled to arbitrate, but employees who retired prior to the plant closing agreement were not. That's the portion of the order that Kelsey Hayes appealed. Again, it's not my intention to repeat the arguments in briefings. There are just a couple of points that I thought were really worth addressing today. The first is the fact that the plant closing agreement at this point indisputably requires arbitration, because the portion of Judge Cook's order that required arbitration of the plant closing agreement is no longer on appeal. That case went forward in arbitration. Plaintiffs won and then withdrew their appeal, so that is essentially law of the case at this point. What law of the case? Arbitration decision is law of the case? I'm sorry. The finding that the plant closing agreement requires arbitration of claims brought under it. Well, the arbitration, it's over. The arbitration is over, absolutely. That portion of the case is moot, right? Yeah, absolutely. It's moot now. So we don't decide moot issues, and even if it were wrong, it's not moot. Actually, Your Honor, it would not have been moot. There's a Morrison case from the 6th Circuit. Well, the case is over, right? The issue of arbitrability would not have been moot. Well, the appeal's been dismissed. I'm sorry? The appeal's been dismissed. Correct. So the point is that at this point in the proceeding, there's no dispute that the plant closing agreement requires arbitration of claims brought under it. That can't be disputed because the appeal is withdrawn. That issue would not have been moot because there's a Morrison case from the 6th Circuit. The issue's not before us, so I don't see how you say it's settled. It's just not there anymore. I don't think that the plaintiffs can contest it at this point. Well, they're not contesting it, but it's not settled what the law is. If I may proceed, the reason that is important is because just as was the case in regard to the post-closing retirees, the pre-closing retirees are relying on the same plant closing agreement, which has the same arbitration provision that Judge Cook found controlled in the post-closing retirees' claims. What Judge Cook found may or may not have been correct. That's not a finding on me. It really is not before us, so I guess I don't follow your argument since the appeal's been dismissed. Can I ask a question? You're representing the employer, right? Yes, Your Honor. And the district court, for the classic people we're talking about, which is pre-closing retirees, right? Yes, Your Honor. The district court held no arbitration is required. That's correct, Your Honor. You want to argue that arbitration is required. Correct, Your Honor. Even though in the other case, which had similar if not the same issues, you lost the arbitration. That's correct, Your Honor. And truthfully, although it's not within my authority to say this, I don't see any reason that we would need to go through an arbitration in regard to these employees because the language is the language, and it's been interpreted. So why don't you just withdraw your appeal? Well, we would do that, Your Honor, but the problem is that plaintiff's position is they want to go back to the district court and get fees if we agree to put the pre-closing retirees under the arbitration decision. So, in essence, that's the issue. The issue is do they get to go back to the district court and move for fees or… So you're not still insisting on arbitration? That would be a call for the client to make, Your Honor. I don't believe that there's – I don't see any reason for it. So if we're just squabbling over attorney's fees, this case should be a settle then, shouldn't it? Well, that would be – that's not for me to decide. It's not my wallet. We can't, you know, mediate settlement up here either. But if this is a case where the issues don't matter anymore, it would seem like it ought to be settled. The issues do matter because if it's an arbitrable issue, then plaintiffs… If we settled it, we can't unilaterally settle it. We would have to settle it with plaintiffs' agreement, and plaintiffs are not agreeing to settle it unless we pay fees. So arbitrability remains a critical issue because if the claims are arbitrable, then plaintiffs' ability to recover fees is substantially impaired. Right, but if you had some agreement with respect to fees, you wouldn't have to make any concessions as to the law. You could just withdraw your appeal. Right. But we don't have any agreement in regard to fees, so that's the problem. I understand. So you've got to keep going. Yeah. So then the issue that you're still arguing is whether arbitration was required for the pre-closing retirees. Correct, Your Honor. That's correct. And, you know, again, the plaintiffs, just as they did in the post-closing retirees, are relying on the plant-closing agreement, which states that all disputes are arbitral. Well, they're also relying on the 1989 collective bargaining agreement. It was the 1999 collective bargaining agreement. Which I think quite clearly says that this dispute is not arbitral. That's correct, Your Honor, but the plant-closing agreement, as the district court found, we believe correctly, trumped what plaintiffs refer to as the anti-arbitration clause. And in addressing that issue, this court in Van Pamel v. TRW, which is a related case, found that the presumption of arbitrability absolutely applies to retiree benefit cases. And so in deciding whether or not the plant-closing agreement trumps the anti-arbitration provision of the 98 CBA, the presumption of arbitrability absolutely applies. Tell me again how the retirees that are retired when the plant closes are subject to the closing agreement and how their rights are affected when they're no longer employed. Sure. So the union's argument is that these are vested benefits, we can't touch them. And whether or not that's true, there's still a couple of flaws in that argument. First of all, that prohibition, let's assume that it does apply to substantive rights, that does not necessarily mean that the union is barred from making these claims arbitrable. And the union's argument is really based on the assumption that arbitration is a lesser form of dispute resolution. That's contrary to Supreme Court law, and there have been several cases recently where the Supreme Court has clarified arbitration is not... How are the retirees who are no longer working at the plant, how are they subject to the plant-closing agreement? You're saying that they're subject to the modification of the collective bargaining agreement even though they're not part of the plant at that point? This is paragraph 33 of their amended complaint, that they were entitled to benefits under the plant-closing agreement. Does that make sense? Yes, I believe it does. I believe it absolutely makes sense. Does that law that people that are no longer employed can have their rights taken away by an agreement that they're not part of? There are no rights being taken away. Whatever vested right they have to health care remains. The only issue being addressed there is whether or not it's resolved in arbitration. That's a right, isn't it? I don't believe it is, Your Honor. I think the Supreme Court has said that the ability to proceed through arbitration does not denigrate a right. For example, statutes create rights all the time that the court has found are arbitrable. If you're subject to arbitration, you have to expressly agree to be subject to arbitration. You can't. You have a right to go to court unless you've agreed otherwise. In this case, Your Honor, you have the union as the representative. The union is suing on behalf of the retirees in this case. Not only are they suing on behalf of the retirees, but they also took the position in the arbitration that Kelsey Hayes should have negotiated with the union before making these modifications. It's inconsistent for them now to say, You should have negotiated with us over the changes, but we can't negotiate over retirees. They're taking contrary positions, and frankly, that's just not right. They might be, but I don't think they can still answer my question. They have a right to go to court, and how that right is taken away from them, I just don't understand. Well, Your Honor, I think that depends on the view that arbitration is a lesser form of dispute resolution. Isn't the law quite clear that you have to expressly agree to arbitration? Yes, but Piatt says that a union can't agree to consent to arbitration on behalf of its membership. Okay, but if there's not an agreement, you have a right to go to court. If there's not an agreement, you have a right to go to court. That's absolutely true. But here there is an agreement. There's a plant closing agreement. So the only issue is, in signing the plant closing agreement, did the union represent the retirees? And the union represented in the plant closing agreement that it was protecting the retirees' right to health care. So that would be the... Oh, I'm sorry, I'm out of time. Wait, Judge Donald has a question. If I'm understanding Your Honor's question, I believe that case is essentially nullified, because the Anheuser, if I'm correct, is that from the Seventh Circuit? That case has essentially been rejected by the Sixth Circuit's holding in Van Pamel that the presumption of arbitrability applies to retiree health care. And in Van Pamel there was a similar issue of how to interpret this. Can we reasonably interpret it to apply to retirees? The plaintiff's argument in that case was that the presumption does not apply to that analysis. I believe that's also the Seventh Circuit's view. However, in Van Pamel, the Sixth Circuit unequivocally said the presumption absolutely applies to retiree cases. And that accordingly, in this case, as the court is reviewing the impact of the plant closing agreement on the 1998 collective bargaining agreement, that presumption of arbitrability does apply. And so, under the current law, even if there aren't multiple corporations, it's due to the overarching impact of the plant closing agreement, the presumption of arbitrability would apply to retirees. Is there any kind of understanding of the presumption of arbitrability that would apply to retirees? Again, if I'm understanding your question correctly, the answer is yes. Typically, my understanding of a master agreement would be, for example, in the freight industry where you have a master agreement and then supplements that coexist at the same time. Here we have a bit of a different fact pattern. The plant closing agreement terminated the 1998 CBA, so that is the only agreement that remains, at least arguably, in effect. So we don't have agreements that necessarily coexist like you would in freight, but we do have two agreements that interrelate, and in trying to dovetail those together, the presumption of arbitrability would apply. At this point, the relief we would respectfully submit would be in order requiring plaintiffs to – or finding that plaintiffs' claims are arbitrable. And then it would be up to the parties to decide whether there really be any use to going through arbitration. As I mentioned, the language at this point has been construed by arbitrator Glendon. Personally, I would not see any real benefit in going through that exercise. Again, that's not for me to say. Your position is you want arbitration? Correct. Our position is we want the claims to be determined arbitrable. Good morning, Your Honors. William Wertheimer on behalf of the UAW and the three individual retirees. I think it would be helpful to list what I think are the key points. We wrote a 70-page brief and touched all kinds of issues at the point that this case was much more complicated than it is now. I think it's very simple, and I think it's been touched on in the questioning. One, the duty to arbitrate has to be a matter of agreement. That's beyond dispute legally. Two, all of the retirees subject to this case retired under the 1998 agreement. Three, that agreement contains an anti-arbitration provision. It actually contains four of them, which are clear as a bell. Four, the law in this circuit from the time of Yardman back in the 80s to as recently as the Packett decision earlier this year is very clear, quoting from Packett, if benefits are vested, then subsequent concessions by the union cannot modify them without retirees' permission. We're not talking about the vesting of the benefits, though. We're talking about the arbitrability of the vesting of the benefits. That's right, but I believe, as Judge Griffin intimated in his question, when you have a right to a benefit and you have a right to go to court, you don't have an obligation to arbitrate it. That is a right, and the union cannot take that right away later or modify that right. Without consent. Without consent, and there's no argument. There's no evidence they had consent of the retirees. There is absolutely no evidence. They've never claimed that. Even if we assume the UAW bargained away this, which I don't think they did, there's never an allegation that they consented, the retirees consented. That's right. One of the defendants you're suing was not a party to that and only became a party through the closing agreement. Is that right? That's their argument, in part. That's right, but their argument or their liability, we claim, is derivative based on the 1998 contract. Right, but the derivation only occurs if there's the closing agreement. Well, that may be, but that doesn't bind us to an arbitration provision in that closing agreement. Well, but that's an issue. It's just not open and shut. You might say that at least with respect to someone you're suing who you can't win against unless you rely on the closing agreement, that arguably and arguably not, the provision in the closing agreement applies. It doesn't work so well against the others. I understand, and let me say this. In real life, Northrop Grumman has never been a part of this case. I mean, we allege them. We did the arbitration without Northrop Grumman. They're now paying the benefits to the folks who we arbitrated. That is TRW is. But I would go back to the legal point. So you won the arbitration? We won the arbitration. Let me deal just briefly with the point that all of this is about attorney's fees. It is not. Remember the Kelsey Hayes case that went up to this court twice in the 1990s. This case has been litigated for no reason from the beginning. That is, the 1998 contract that we are suing under is the successor contract to the contract that we won on this exact same language. So you're trying to establish a legal point by this litigation? Well, we are trying to establish a legal point, and we want class protection, and we want a federal court order that these are lifetime benefits so that we don't have to deal with this again. And we think we're entitled to that. But you'd get that if you won the arbitration, and you already won the arbitration on the same issue, right? Well, we get that. You're just worried that the new arbitrator might come to a different conclusion? No, no, we're not. In real life, we either win in court based on Sixth Circuit precedent on this exact language, or we win in arbitration based on a prior arbitration decision. See, what you just said is what's troubling or a concern to me. It seems like we're being asked to decide something that ultimately makes very little difference, other than establishing legal principles. But in terms of whether the pre-closing retirees get a determination that's favorable to them, they're as likely to get it if you lose on the arbitration issue as if they win on the arbitration issue. And that's why I wonder why you don't just either settle it or else agree to arbitration and just go ahead and do it, rather than troubling us with figuring out who has the right to do what. Do you see what I'm asking? I do, Your Honor. And the short answer is that we are suing under a contract that says we don't have to arbitrate. I understand that's your legal position, but what I'm saying as a practical matter, in this case, it doesn't make much difference, even though you have that legal position. Well, it actually does, though. I mean, if that arbitration is final, there's no appeal. If you go to district court and district court makes a mistake, you have a right to appeal. And we have cases here this week where district courts made errors of law, and we're here correcting those errors of law. You want to make sure it gets right. If you're confident through the arbitration process, you go there, but it's final. You go to court, you hopefully get the right decision. But if you don't, it's not final, and you come up to us, and maybe we'll be wiser than district court, maybe we won't, but at least you have that option. But before you give it away, you have to expressly agree to go through the arbitration process, go to the streamline process, to go to the process where you have no rights. And I think it is a very important right to go to court, and you have our laws quite clear. You have to expressly waive that right to go to court because of all the safeguards you have in the judicial system, which I think are good. I understand. And you're asking questions to a litigant who has, in terms of settlement discussions, said much the same thing as the court is asking me. But I'm in a position where they have agreed to nothing, and my clients are not getting benefits. And we have a district court decision which we think is clearly correct. That's fair. I don't disagree with anything that Judge Griffith said. Thank you, Your Honor. Let me deal with the Van Pamel case. When TRW made these changes back in the beginning of 2012, they did it in four different units, three UAW units and a USW unit. And all of those cases have been and are being litigated in federal court. So there are four cases. The one case that has gone up to the Sixth Circuit is the Van Pamel case, and it was decided a couple of months ago. It's at 723 Feb. 3, 664. And counsel cited it in his argument. The crucial distinction in Van Pamel is that in Van Pamel, the two plaintiffs, and the union was not a plaintiff in that case, there were two plaintiffs, there was no class action certified, the two plaintiffs had retired under the closing agreement. In other words, Van Pamel is a case that stands for the proposition that Judge Cook was right as to the post-closing retirees. Van Pamel in no way stands for the proposition that you can apply an arbitration agreement and a closing agreement to people who retired before the closing agreement. It just doesn't deal with that issue at all because it was not in front of it. So Van Pamel does not support what they're claiming here. They also point to our complaint where we referenced the closing agreement. That's true. But remember, at the time we drafted our complaint, we were suing on behalf of all of the retirees, including those who had retired under the closing agreement. So there are allegations saying that the 98CBA and the closing agreement provide the lifetime benefits. That's all that complaint says. There's nothing inappropriate about that. It's not a concession where the UAW is saying that the settled law in this circuit for 30 years that you can change the benefit of an employee with an agreement subsequent to that employee's retirement is the law. It just doesn't stand for that. Finally, I think I need to raise a jurisdictional issue, and that is whether the Federal Arbitration Act applies in this case. We raised that issue early on. We filed some briefing on it. Is this the jurisdictional issue? Yes, the jurisdictional issue. You concede there's jurisdiction? We conceded that there was pendent jurisdiction at the point we filed our brief when our appeal was also pending. And we cited law that said when there's pendent jurisdiction, there is jurisdiction. And that's what we said. Subsequent to saying that and acknowledging that there was pendent jurisdiction, I think it was in January, in February the arbitration decision came down. We dismissed our appeal. There is nothing now for this case to be pendent to. You're talking pendent jurisdiction in the District Court or in the Court of Appeals? No, in the Court of Appeals. What I'm saying is... I thought it was a District Court jurisdictional issue you were talking about. You're talking about the jurisdiction of the Court of Appeals? You're talking about the jurisdiction of the District Court? I'm talking about whether they have a right to appeal a decision denying an order to arbitrate, which they would not have a right under 301, but they would have a right under the Federal Arbitration Act. You're talking about appellate jurisdiction? That's right. And what I'm saying is at the time we briefed, we raised this issue before the briefs were filed in an appropriate way. At the time we filed our brief in January of this year, we conceded that there was jurisdiction because at that time our appeal was also pending. And we said we don't think there's jurisdiction under the Federal Arbitration Act for a labor case. There's Sixth Circuit law that says that. But we said there is also Sixth Circuit law that says if you have pendent jurisdiction, in other words there's jurisdiction in the main case that was our appeal of the decision requiring arbitration, then there's pendent jurisdiction. What I'm pointing out to the Court as an officer of the Court is our appeal is no longer pending. Therefore, this case stands without any pendent jurisdiction, and this Court needs to determine whether the Sixth Circuit law, and we've cited it in the briefs, that says no FAA jurisdiction in a CBA case. You haven't filed a motion to dismiss, have you, on the basis of lack of jurisdiction? We have not. It would have been helpful. We have to assess our own jurisdiction on our own. That's the only reason I raised it. I recognize that principle. But if you really want us to consider issues like that, it's always helpful if we have a motion and a briefing. We never got supplemental briefs indicating that the cross-appeal had been dismissed. I found that out once I got into the case, that that wasn't even brought to our attention. Well, there was motion work on our dismissal of the appeal. There were briefs back and forth. We argued the whole case should go away. Okay, but you didn't supplement the brief. On this issue. After the cross-appeal was gone. That's true. We still have the original brief, right? That's true. I apologize to the Court. That would have been helpful, too, if we would have been advised as to the current status of the case. Now the cross-appeal is dismissed. How does that affect everything else? I'm just saying that for future reference. I appreciate that, Your Honor. And I just raise it because as I was getting ready for argument, I noticed that at the point in time that we agreed there was pendant jurisdiction, there was, and there no longer is. So now you've got the issue of do you have FAA jurisdiction absent 301 jurisdiction? And it's an issue of some moment. I mean, it's a substantive issue. It means now in labor cases, does a denial of a request to arbitrate, is that immediately appealable? There is no law in this circuit on that, and there are circuit decisions suggesting otherwise. And we cited them in our brief. That is a Sixth Circuit case from 2003, a UPS case, saying no FAA jurisdiction in a CBA case. Thank you. Thank you. Your Honor, on the jurisdictional issue, subsequent to the 2003 UPS case, the Supreme Court decided the Pyatt v. Penn Plaza case, and in that case said that the FAA indisputably applies to collective bargaining agreements. In Title IX, USC Section 16A1, which is part of the FAA, says that orders denying arbitration are immediately appealable. And that's in your briefing? That is in our briefing. It is. Thank you, Your Honor. Just in response to a couple of the other items that Mr. Wertheimer raised, he mentioned about the four different units that these changes apply to and that his clients aren't getting benefits. In fact, we've had three arbitrations on this very issue. Every group that has arbitrated their case is now getting benefits. Mr. Wertheimer's made a living the last few years kicking my butt in arbitration. So to say that arbitration is not an effective remedy is just not consistent with the facts. All of those retirees currently are getting the benefits that these pre-closing retirees are asking the court to award. The issues are the same, the underlying issues? I can't say that the underlying issues are exactly the same. In truth, I believe, and Mr. Wertheimer can correct me if I'm wrong, I believe this is the only case with an anti-arbitration clause. Apart from the arbitration issue, though? The issues are the same. The issues are the same. Does anybody argue that arbitration is not an effective remedy? Well, I think that there were several pages of the 70-some page brief that plaintiffs submitted giving a litany of policy reasons why arbitration isn't effective for retirees to vindicate health care rights because arbitrators aren't going to be sophisticated enough to deal with yard man, etc., etc. But that's proven not to be the case. Do arbitrators typically look at what another arbitrator has done and said? Well, in this case, at least two of them have looked at a third. So we've not been successful. Yes, absolutely. But they might not. No, that's true. They might not. They are free to decide it differently. In regard to the Van Pamel case and Mr. Wertheimer's point that it doesn't deal with the plant closing agreement, that is absolutely true. And if my remarks were unclear, I feel like I need to readdress them. I cited Van Pamel only for the proposition that the presumption of arbitrability applies to retiree benefits cases. I did not mean to suggest that it controls in any other way in this case. The reference to the closing agreement in the complaint, it is true that at the time the complaint was filed, there were both pre-closing and post-closing retirees. But I think there's an important reason why plaintiffs didn't amend their complaint even following the exchange before Judge Cook. Several of these retirees, meaning the pre-closing retirees, did not retire from Kelsey Hayes. Kelsey Hayes sold this plant about a year before it closed to a company called American Commercial Industries, which is not a party to this case and, as best we can tell, is now defunct. So anybody who retired after the sale of the plant did not retire from Kelsey Hayes. And the only reason that they would be able to pursue Kelsey Hayes would be under the plant closing agreement where Kelsey Hayes agreed to essentially reassume these collective bargaining rights, or I'm sorry, the health care rights. These are not Kelsey Hayes retirees, and retiree benefits do not vest until the point of retirement. So without the plant closing agreement, those individuals have absolutely no claim against Kelsey Hayes. So the plant closing agreement remains a vital part of plaintiffs' case, at least in regard to those individuals. And then finally, I'd point out that, although I referenced it, I believe, in my opening remarks, the fact that the union now is saying that they don't have the ability to negotiate vested benefits is absolutely inconsistent with their position before the arbitrator and before Judge Cook in both of those forums. Whether it's inconsistent, is it the law that the union has the right to negotiate benefits for nonmembers? Well, I think if the union is saying that they have the right to negotiate, which they do. No, no, I'm just saying, do they? I mean, is that what the law says? Irrespective of what the position is? I don't, I think, let me back up and address it from an earlier place. No, if you just answered my question, it would be helpful. Well, no, I don't think that's what the law says. Because if the union is saying that these benefits were created with the ability for the union to negotiate them, which is their argument, then under their argument, they're not vested benefits. But it is clear in the agreement and from the union's own arguments that they have reserved the right to negotiate those benefits. Now, either that means they have the right to negotiate them and they are vested, or maybe it means they're not vested. But it is beyond dispute that this agreement gives the union the right to negotiate retiree benefits. That's a position that they've taken. So what that means, it means. But it's certainly, and I don't believe, I've seen any cases on point where the court has addressed what it means when a union negotiates a benefits provision with the explicit reservation of the right to negotiate regarding retiree benefits, which is the case here. And that's in the brief. Thank you. Thank you. The case will be submitted. You can send a 28-J letter if you think it's necessary. The case will be submitted.